## Williamson et al. v. Reward Fund

*John R. Graham, George E. Kearns, Jr.,* and. *William H. Turner,* for claimants.

*Edward H. P. Fronefield,* county solicitor, for county.

*Howard F. Reed, Jr.,* guardian and trustee ad litem, p. p.

DIGGINS, J., June 25, 1954.—Early in 1952, a series of fires of incendiary origin occurred in Delaware County. On March 18, 1952, the county commissioners offered a reward of $500 for "information leading to the arrest and conviction of any person or persons of the offense of arson in connection with the aforesaid fires." On March 19, 1952, the First National Bank of Media agreed to add $500 to the reward. At various dates around this time, a number of public spirited citizens agreed to add a total of $1,435 to the reward. The total reward is $2,435.

On April 6, 1952, Carl M. Heffron, Robert Harry Wegmann and Thomas V. Shavney were arrested and later were convicted on various indictments charging arson in connection with the aforesaid fires whereupon the county commissioners filed a complaint as stakeholder of the reward fund alleging a number of claims and seeking authority to advertise for unknown claimants and to interplead all claimants against the fund, and on March 26, 1954, the court entered a decree directing the commissioners to pay the reward fund over to the prothonotary and requiring all claimants to interplead against the fund and ordered advertising for unknown claimants and also appointed a guardian and trustee ad litem for any unknown claimants who might appear.

There are presently four known claimants, two of whom are police officers of the Township of Springfield. Preliminary objections were filed by the other two claimants asserting in substance that the two police officers were ineligible under the law by reason of their status as police officers to compete for the fund.

Perhaps under the common law of Pennsylvania police officers were under a disability to compete for or claim rewards of any kind. However, we are not

here concerned with the common-law rule that a public officer is prohibited, because of public policy, from claiming a reward for the performance of a service which it was his duty to discharge. This element is removed from the case because of the language of the First Class Township Code of June 24, 1931, P. L. 1206, 53 PS §19092-1408, which provides: "Townships employing policemen shall pay to all such policemen a fixed or stipulated salary. It shall not be lawful for any such policemen to charge or accept any fee or other compensation, in addition to his salary, for any service rendered or performed by him of any kind or nature whatsoever pertaining to his office or duties as a policeman, *except public rewards* and the expenses incurred in the discharge of his duties." (Italic supplied.)

The question before us is whether the words "public rewards" apply to the fund in this case. The language of the Township Code was taken verbatim from the Act of July 14, 1897, P. L. 266, 53 PS §322. However, we have been unable to find any cases construing that act except Commonwealth v. Matthews, 29 Pa. C. C. 498, and Swartz's Petition, 30 Pa. C. C. 141, which held that policemen were entitled to claim a reward provided for in the Act of March 15, 1821, P. L. 90, 19 PS §9, for the apprehension of horse thieves. We have also examined "Words and Phrases" and do not find any definition for the phrase "public reward."

Therefore, we are forced to apply the recognized rules for the construction of statutes set forth in the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 51, 46 PS §551, which provides:

"When the words of a law are not explicit, the intention of the Legislature may be ascertained by considering, among other matters—(1) the occasion and necessity for the law; (2) the circumstances under which it was enacted; (3) *the mischief to be remedied;* (4) *the object to be attained;* (5) the former law, if

any, including other laws upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; and (8) legislative and administrative interpretations of such law." (Italics supplied.)

We feel that the mischief which was sought to be remedied by the common-law rule was to prevent public officers from shirking or refusing to perform their full duties until the private. prosecutor offered them additional incentive in the form of a reward. This mischief would not be present in cases where the reward was offered by the government and was to all persons generally and not to the officer alone and we believe that the true use of the word "public" in the Township Code has to do with the recipients and not the source. Therefore, we believe the object to be attained by the Act of 1897 and the Township Code was to permit policemen to claim such a reward if otherwise qualified.

The reward in the present case was initiated by the Commissioners of Delaware County and we feel and therefore hold that it is a public reward within the meaning of the Township Code. We do not feel that the fact that it was augmented by the bank and by a group of public spirited citizens causes it to lose such status. It follows therefore that plaintiffs, H. W. Williamson and Isaac T. Smith, are not barred from presenting their claims and that the preliminary objections of the other claimants, Margaret C. Bell and Elsie Levis, must be dismissed; and we therefore make the following

### Order

And now, to wit, June 25, 1954, the preliminary objections heretofore filed by Margaret C. Bell and Elsie Levis be and the same are hereby dismissed and leave is granted to Margaret C. Bell and Elsie Levis to answer on the merits within 20 days.